United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEGUNDINA SAN JUAN,<br><br>       Plaintiff,<br><br>   v.<br><br>WELLS FARGO BANK, ET AL.,<br><br>       Defendants. | No. C 12-02529 CRB<br><br>**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS AND DISMISSING PLAINTIFF'S SECOND AMENDED COMPLAINT** |

Before the Court is Defendants' Motion for Judgment on the Pleadings. Mot. (dkt. 50). The Court finds this matter suitable for resolution without oral argument, pursuant to Civil Local Rule 7-1(b), and thus VACATES the hearing scheduled for April 19, 2013 at 10:00 a.m. Because Plaintiff twice voluntarily dismissed her complaints pursuant to Federal Rule of Civil Procedure 41(a)(1), the Court GRANTS Defendants' Motion for Judgment on the Pleadings and DISMISSES Plaintiff's Second Amended Complaint (SAC) (dkt. 29) with prejudice.

## I.   BACKGROUND

On January 18, 2012, Plaintiff filed her first complaint against Wells Fargo, alleging substantially the same causes of action that she alleges here. RJN (dkt. 51), Ex. H. On April 2, 2012, Plaintiff voluntarily dismissed that lawsuit pursuant to Federal Rule of Civil Procedure 41(a)(1). Notice of Voluntary Dismissal, San Juan v. Wells Fargo, et al.,

1  No. 12-0782 (Apr. 2, 2012), ECF No. 16; RJN, Ex. I.

2  On August 9, 2012, David-Wynn Miller and Plaintiff filed a second complaint against
3  Wachovia Mortgage again alleging substantially the same claims brought here.[1]  RJN, Ex. J.
4  Plaintiff's Deed of Trust was attached as evidence to the complaint.  Id.  On November 7,
5  2012, Plaintiff voluntarily dismissed that lawsuit pursuant to Federal Rule of Civil Procedure
6  41(a)(1).[2]  Notice of Voluntary Dismissal, Miller, et al. v. Wachovia, et al., No. 12-4211
7  (Nov. 7, 2012), ECF No. 10; RJN, Ex. K.

8  On September 4, 2012, Plaintiff filed a SAC in the instant case.  SAC.  On August 3,
9  2013, Defendants filed a Motion for Judgment on the Pleadings, asserting, among other
10 things, that the "two-dismissal rule" in Federal Rule of Civil Procedure 41(a)(1) bars
11 Plaintiff's present complaint.  See Mot. at 2-4.

## II. DISCUSSION

Defendants aver that Plaintiff's repeated filings and voluntary dismissals have resulted in a determination on the merits, barring the current action.  See Mot. at 2.  Federal Rule of Civil Procedure 41(a)(1)(A)(i) permits a plaintiff to voluntarily dismiss her complaint by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment.  However, "if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits."  F.R.C.P. 41(a)(1)(B).

Here, Plaintiff has twice filed complaints against her lender and twice dismissed those complaints pursuant to Federal Rule of Civil Procedure 41(a)(1).  Accordingly, the Court finds that the second of her voluntary dismissals shall be considered an adjudication on the merits, thus barring her present complaint.  See F.R.C.P. 41(a)(1)(B).  This is true notwithstanding Judge Armstrong's order dismissing Plaintiff's second case without

---

[1] World Savings Bank changed its name to Wachovia Mortgage and later merged into Wells Fargo Bank.  See RJN, Ex. A-D (evidencing name change and subsequent merger).

[2] Miller also filed what appears to be his own notice of voluntary dismissal on August 28, 2012.  Voluntary Withdraw, Miller, et al. v. Wachovia, et al., No. 12-4211 (Aug. 28, 2012), ECF No. 4.

2

prejudice. See Dismissal Order, Miller, et al. v. Wachovia, et al., No. 12-4211 (Nov. 8, 2012), ECF No. 11; see also Commercial Space Mgmt. Co. v. Boeing Co., 193 F.3d 1074, 1077 (9th Cir. 1999) (concluding that a plaintiff's voluntary dismissal under Rule 41(a)(1) is effective upon filing, at which time the district court loses jurisdiction to determine whether that dismissal is with or without prejudice).

Plaintiff contends that her dismissal of the second lawsuit cannot be deemed a voluntary dismissal because she did not authorize the lawsuit, had no knowledge of its existence until defense counsel brought it to her attention, and had no connection to the lawsuit other than her name and her attached Deed of Trust. See Opp'n (dkt. 51) at 4. While the Court sympathizes with Plaintiff's position, Rule 41(a)(1) does not require an inquiry into the circumstances of the two prior dismissals. See Lake at Las Vegas Investors Group, Inc. v. Pac. Malibu Dev. Corp., 933 F.2d 724, 727 (9th Cir. 1991) (finding that courts apply the Rule literally in all but certain limited circumstances, none of which apply here). Because Plaintiff was aware of the lawsuit at the time she filled her notice of voluntary dismissal, the Court declines to inquire further.

The only relevant inquiry is whether the actions are "based on or including the same claim." See F.R.C.P. 41(a)(1)(B). Here, all three of Plaintiff's actions are based on her Deed of Trust for the property at 1074 Huron Avenue in San Francisco. While the Court finds Plaintiff's second action—allegedly filed by David-Wynn Miller—to be largely nonsensical, it nevertheless satisfies this relatively minimal requirement.

In Lake at Las Vegas, the Ninth Circuit emphasized that "there were alternatives to filing for voluntary dismissal. If [the plaintiff] had allowed the defendants to move for a dismissal, it would have been without prejudice under Nevada law . . . ." 933 F.2d at 727. Similarly here, there were alternatives to filing for voluntary dismissal of Plaintiff's second lawsuit. Months before Plaintiff filed her Notice to Voluntarily Dismiss the lawsuit, Wells Fargo filed a motion to dismiss the action, in which it noted the "unintelligible" nature of the complaint. See MTD, Miller, et al. v. Wachovia, et al., No. 12-4211 (Aug. 30, 2012), ECF No. 5. Plaintiff could have allowed the Court to adjudicate that motion. In the alternative,

3

1 Plaintiff could have sought a dismissal by stipulation or filed a motion for dismissal on other
2 grounds. See Lake at Las Vegas, 933 F.2d at 727 (noting that voluntary dismissals by
3 stipulation of both parties or dismissals by motion (i.e., dismissals falling outside of the
4 language of Rule 41(a)(1)) would not be considered for purposes of the two dismissal bar).
5 Instead, Plaintiff's counsel chose to again file a notice of voluntary dismissal. Accordingly,
6 the Court finds that the second of Plaintiff's voluntary dismissals served as an adjudication
7 on the merits. Thus, Plaintiff's present action is barred by Federal Rule of Civil Procedure
8 41(a)(1)(B).

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Motion for Judgment on the Pleadings, and DISMISSES Plaintiff's SAC with prejudice.

**IT IS SO ORDERED.**

Dated: April 11, 2013

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE